# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-CR-0134-CVE |
| | ) |
| MOSTAFA MOHD KHONDAKER, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Khondaker's Motion for Production and Disclosure of all Information, Reports, and Records Concerning Prior Drug Sales and Use of Informer (Dkt. ## 60, 62), filed on July 31, 2006. This motion was filed eight months after a jury found defendant guilty of possession of crack with the intent to distribute, possession of cocaine with the intent to distribute, possession of Ecstasy (MDMA) with the intent to distribute, possession of methamphetamine with the intent to distribute, and possession of firearms in furtherance of a drug trafficking crime. Dkt. # 43. All charges concern activity on August 4, 2005, the day that police officers executed a search warrant on the Seven Day Food Corner convenience store ("store") where defendant was working. Prior to August 4, 2005, police had obtained information from a confidential informant ("CI") about drug sales occurring at the store. Relying in part on the testimony of the CI, officers secured a John Doe search warrant for the store. Upon execution of the search warrant on August 4, 2005, officers found illegal narcotics and firearms within reach of defendant, who was then placed under arrest. A grand jury indicted defendant on September 8, 2005. Dkt. # 2.

Prior to trial, defendant's original counsel, Jack Gordon ("Gordon"), filed a Motion to Disclose the Name of the Government's Confidential Source (Dkt. # 10) and Motion for Disclosure

of Name of the Undercover Police Officer (Dkt. # 11).[1]  After a hearing on the matter, United States

Magistrate Judge Sam A. Joyner denied both motions.  Dkt. # 20.  Defendant also filed a Motion to

Produce (Dkt. # 14), in which he requested documents, fingerprint evidence, a video tape from the

day of the search, and materials which the government intended to use in its case-in-chief.  After the

Motion to Produce was sustained by agreement on October 28, 2005, Magistrate Judge Joyner

ordered the government to produce evidence that it intended to use in its case-in-chief.  Dkt. # 20.

Following the verdict on November 23, 2005, defendant's trial counsel moved to withdraw

(Dkt. # 48) and defendant retained Michael McGuire ("McGuire").  Now prior to sentencing,

McGuire argues that the government wrongfully withheld exculpatory information.  He asks the

Court to order production of all information which lead to defendant's arrest on August 4, 2005.[2]

Specifically, defendant argues that disclosure of the CI's identity would have changed the outcome

of the trial.  The Court disagrees, both procedurally and substantively.

Defendant Khondaker's Motion for Production and Disclosure of all Information, Reports,

and Records Concerning Prior Drug Sales and Use of Informer is untimely.  The Court previously

addressed and denied defendant's motion to disclose the identity of the CI.  It is improper to re-

litigate the merits of the case at the sentencing stage.  Rather, motions filed pursuant to Fed. R. Crim.

---

[1]     The government denies that an undercover police officer was involved in the investigation
        of defendant.  Defendant has not reasserted a request for disclosure of the identity of an
        undercover officer.

[2]     While the pending motion asks for information concerning prior drug sales, it also mentions
        the video tape from August 4, 2005.  Dkt. # 60, at 4-5.  The government states that the video
        tape was inadvertently destroyed.  Dkt. # 19, at 3.  Defendant fails to establish how the video
        tape would advance his defense, as he does not allege that police officers planted evidence.
        Accordingly, the Court finds that the video tape was not material to defendant's case and its
        absence did not prejudice him.  See infra.

P. 16 "must be made before trial unless the Court sets a different time limit" pursuant to Fed. R. Crim. P. 12(c).  <u>United States v. Jensen</u>, 608 F.2d 1349 (10th Cir. 1979).  The Court did not set a different time limit.  Defendant cannot attempt to re-try his case at sentencing by retaining new counsel and filing motions for disclosure. Any argument regarding his guilt is a matter for appeal or post-conviction proceedings.

Were it proper for the Court to consider defendant's motion, the Court would remind defendant that the government is not required to produce documents made by a government agent "in connection with investigating or prosecuting the case,"  Fed. R. Crim. P. 16(a)(2), and the government is not required to produce evidence that is not material to the defense.  If evidence is material to guilt, the government has an affirmative duty to disclose  irrespective of the good or bad faith of the prosecution.  <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).  However, "[t]he purpose of the <u>Brady</u> rule is not to provide a defendant with a complete disclosure of all evidence in the government's file which might conceivably assist him in preparation of his defense, but to assure that he will not be denied access to exculpatory evidence known to the government but unknown to him."  <u>Hampton v. U. S.</u>, 504 F.2d 600, 603 (10th Cir. 1974) (citations omitted).[3]  To establish a <u>Brady</u> violation, defendant must demonstrate that "(1) the prosecutor suppressed evidence; (2) the evidence was favorable to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material."  <u>Gonzalez v. McKune</u>, 247 F.3d 1066, 1075 (10th Cir. 2001).

Under the Federal Rules of Criminal Procedure, the government is required to disclose:

[3]    "A fair analysis of the holding in <u>Brady</u> indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial."  <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

> books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i)     the item is material to preparing the defense;
>
> (ii)    the government intends to use the item in its case-in-chief at trial; or
>
> (iii)   the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).  Defendant does not seek to discover information that was obtained from or belonged to him.  Fed. R. Crim. P. 16(a)(1)(E)(iii).  Next, the information sought by defendant does fall under Rule 16(a)(1)(E)(ii) because the government's case-in-chief at trial dealt with the execution of the search warrant at the convenience store and the contraband seized.  It did not deal with any confidential informants or any drugs sold from that business prior to August 4, 2005. Defendant opened the door to a discussion about the CI when, during trial, Gordon solicited information about the CI from Officer Nick Debruin on cross-examination:

> Gordon:     All right.  And from looking at the affidavit for the search warrant, it appears that your confidential source came in contact with a Middle-Eastern male?
>
> Debruin:   That was our best guesstimation.
>
> Gordon:     But it wasn't Mr. Mostafa Khondaker, was it?
>
> Debruin:   No.
>
> Gordon:     Okay.  Now then, how many people did you determine during this investigation worked at the convenience store about which we are speaking?
>
> Debruin:   The informant relayed to us that it was a father and son, two people, that worked there and sold -- both sold narcotics out of there.

See Dkt. # 51, Transcript of Trial, vol. I, at 81; see United States v. Muessig, 427 F.3d 856, 864 (10th Cir. 2005).  Accordingly, defendant is not entitled to the requested information pursuant to Rule 16(a)(1)(E)(ii).  In addition, the information relating to drug sales prior to August 4, 2005 is not material to the defense, because defendant was not charged with any activity which occurred

4

before August 4, 2005.  Accordingly, the information is not subject to disclosure under Rule

16(a)(1)(E)(i).

With regard to the decision of whether to disclose a CI's identity, the Court must balance

"the public interest in protecting the flow of information against the individual's right to prepare his

defense." Roviaro v. United States, 353 U.S. 53, 62 (1957).  Defendant bears the burden to show

that the CI's testimony is relevant or essential to the fair determination of his case.  United States

v. Gordon, 173 F.3d 761, 767 (10th Cir. 1999).  The testimony of a CI must be shown to be valuable

to a defendant; mere speculation is not sufficient.  United States v. Mendoza-Salgado, 964 F.2d 993,

1001 (10th Cir. 1992).

Disclosure of CI testimony and identity is not required if the CI did not participate in the

illegal activity charged or when the information sought is cumulative.  United Sates v. Leahy. 47

F.3d 396, 398 (10th Cir. 1995); United States v. Freeman, 816 F.2d 558, 562 (10th Cir. 1987).

Where the information from a CI leads to the issuance of a search warrant and the CI is not a

participant in the charged offense, disclosure is not required.  Leahy, 47 F.3d at 398.  Where it is

clear that the CI cannot aid the defense, the government's interest in keeping secret the CI's identity

must prevail over the defendant's asserted right of disclosure.  United States v. Sinclair, 109 F.3d

1527, 1538 (10th Cir. 1997).[4]

---

[4]     See also United States v. Brantley, 986 F.2d 379, 383 (10th Cir. 1993) (no disclosure
required where confidential informant only made introduction of narcotics agent in a
long-term investigation and where confidential informant was not involved in the underlying
transactions); United States v. Ortiz, 804 F.2d 1161, 1166 (10th Cir. 1986) (no disclosure
required when informant only introduces defendant to narcotics agents); United States v.
Reardon, 787 F.2d 512, 517 (10th Cir. 1986) (no disclosure required when informant only
introduces defendant to undercover narcotics agent).

Defendant has not established that the evidence sought was material to his defense. The CI was not present at the time that the search warrant was executed and was not a participant in the charged offense.[5] Defendant offers mere speculation that the identity and testimony of the CI might have contributed to his defense. Further, defendant was charged with possessing drugs and firearms on August 4, 2005 and was not charged with any activity prior to that date. The non-disclosure of the CI's identity and testimony, in addition to other information concerning drug sales prior to August 4, 2005, did not violate defendant's right to due process and a fair trial.

**IT IS THEREFORE ORDERED** that Defendant Khondaker's Motion for Production and Disclosure of all Information, Reports, and Records Concerning Prior Drug Sales and Use of Informer (Dkt. ## 60, 62) is **denied**.

**DATED** the 8th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5]     Sergeant Sam McCullough testified that no CI was sent into the store on or during the afternoon of August 4, 2005, prior to the execution of the search warrant. Dkt. # 52, Transcript of Trial, vol. II, at 59.