**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-0134-CVE |
| | ) | (08-CV-0686-CVE-TLW) |
| MOSTAFA MOHD KHONDAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Mostafa Mohd Khondaker's pro se motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 99).  Section 2255 provides that "[a]

prisoner in custody under sentence of a court established by Act of Congress claiming the right to

be released upon the ground that the sentence was imposed in violation of the Constitution or laws

of the United States . . . may move the court which imposed the sentence to vacate, set aside or

correct the sentence."

**I.**

On September 8, 2005 a five-count indictment was returned against defendant, Mostafa

Mohd Khondaker, charging him with:  one count of possession with intent to distribute 5 grams or

more of cocaine base, a/k/a "crack," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); one

count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C); one count of possession with intent to distribute MDMA, commonly known as Ecstasy,

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of possession with intent to distribute

5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(B)(viii);

and one count possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c).  Dkt. # 2.  Khondaker went to trial on November 21, 2005, and on November 23, 2005 was found guilty on all counts.  Dkt. # 41.  On August 9, 2006, Khondaker was sentenced to a term of imprisonment of 157 months:  97 months as to counts one through four, to run concurrently with each other; and 60 months as to count five, to run consecutively to counts one through four.  Dkt. # 69.

Khondaker appealed on August 25, 2006 (Dkt. # 70), and his conviction was affirmed on February 5, 2008.  Dkt. # 81.  On August 12, 2008, Khondaker filed a motion for reduction in sentence pursuant to the crack cocaine amendment to the Sentencing Guidelines.  Dkt. # 84.  The Court granted Khondaker's motion for a reduction of sentence.  Dkt. # 90.  Khondaker's sentence was reduced to:  78 months as to counts one through four, to run concurrently with each other; and 60 months as to count five, to run consecutively to counts one through four.  Id.  On September 29, 2008, Khondaker appealed his new sentence on the grounds that his modified sentence is "procedurally unreasonable."  On April 2, 2009, the Tenth Circuit affirmed this Court's reduced sentence.  Dkt. # 103.

Khondaker filed his motion to vacate, set aside, or correct sentence pursuant to § 2255 on November 20, 2008.  Khondaker's appeal of his conviction and sentence was affirmed on February 5, 2008; it became final 90 days thereafter, when his time to file a petition for the writ of certiorari expired.  Thus, Khondaker had until May 5, 2009 to file his § 2255 motion, and his motion is timely.

## II.

In his § 2255 motion, Khondaker asserts the following claims: (1) the district court lacked subject matter jurisdiction; (2) the government failed to prove an interstate commerce nexus to the crimes charged; (3) his rights were violated under the Speedy Trial Act, 18 U.S.C. § 3161(c); and (4) his counsel provided ineffective assistance for failing to raise these arguments at trial or on appeal.[1]  The government argues that, under the facts of this case, Khondaker is procedurally barred from raising subject matter jurisdiction and Speedy Trial Act claims, except as they relate to ineffective assistance of counsel, because he failed to raise these arguments on direct appeal.[2]

## A.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).  A claim not raised on direct appeal is procedurally barred unless defendant can establish cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence or an intervening change

---

[1]     Khondaker also requests an evidentiary hearing on his motion.  However, the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  Accordingly, defendant's request for an evidentiary hearing is denied.

[2]     In response to question 13 of Khondaker's § 2255 motion, dealing with grounds not previously presented to a federal court (Dkt. # 99, at 9), Khondaker states that the question is "N/A," but provides writing in what appears to be the Urdu language.  However, because Khondaker states that the question does not apply to his case, the Court will disregard the statements that are not written in English.

in the law.  Id.  Ineffective assistance of counsel may also constitute "cause" excusing a procedural default.  Cook, 45 F.3d at 392.

Khondaker's grounds 1, 2, and 3 were not raised on direct appeal and are, therefore, procedurally barred.[3]  In order to overcome the procedural bar, Khondaker must show that he had cause for his failure to raise the arguments earlier.  Khondaker has presented no arguments to show cause for his failure to raise subject matter jurisdiction, interstate commerce nexus, or the Speedy Trial Act, nor has he demonstrated that a fundamental miscarriage of justice will result if his subject matter jurisdiction claim is not addressed.  Khondaker's claims relating to subject matter jurisdiction, interstate commerce nexus, and the Speedy Trial Act are procedurally barred, except for the extent to which they form a basis for ineffective assistance of counsel.

**B.**

Khondaker claims that counsel[4] was ineffective for failing to argue that this Court lacked subject matter jurisdiction, the government did not prove an interstate commerce nexus, and an alleged violation of the Speedy Trial Act occurred.  To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Smith v. Robbins, 528 U.S. 259, 285 (2000) (the Strickland test applies to appellate as well as trial

---

[3]     Challenges to a district court's subject matter jurisdiction may be raised at any time, including in a § 2255 motion.  United States v. Burch, 169 F.3d 666, 668 (10th Cir. 1999).  However, Khondaker's claim is not a legitimate challenge to this Court's jurisdiction.  See infra Part III(B)(1).

[4]     Khondaker does not specify whether trial counsel or appellate counsel was ineffective for failing to raise these arguments, but he appears to argue that appellate counsel was ineffective.  In either event, his claims are without merit.  See infra.

counsel).  A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  Review of counsel's performance must be highly deferential.  Id. at 689.  To establish the second prong, a defendant must show prejudice resulting from counsel's performance.  Strickland, 466 U.S. at 687.  That is, the "defendant must show that there is a  reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).  A court deciding an ineffectiveness claim "need not determine whether counsel's performance was delinquent before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  Strickland, 466 U.S. at 697.

To the extent that defendant alleges certain arguments should have been raised on appeal, the Court must consider the merits of the omitted issue.  United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  "If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.' "  Id.  Because defendant alleges that his appellate counsel, Michael McGuire, failed to raise subject matter jurisdiction, the interstate commerce nexus to his crimes, and the Speedy Trial Act, the Court must consider the merits of those arguments.

1.     **Subject Matter Jurisdiction**

Khondaker argues that his conviction was unconstitutionally obtained because this Court lacks jurisdiction.  Specifically, Khondaker contends that the language of the statutes under which he was convicted does not contain an interstate commerce nexus and thus the Court lacks subject matter jurisdiction.  The Tenth Circuit has held that the "interstate commerce element of [a crime] 'is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case.'" United States v. Tush, 287 F.3d 1294, 1297 (10th Cir. 2002)(quoting United States v. Martin, 147 F.3d 529, 532 (7th Cir. 1998)). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts."  Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999).  While "[a] link to interstate commerce may be essential to Congress's substantive authority, [ ] the existence of regulatory power differs from the subject-matter jurisdiction of the courts." Id. (citations omitted). Accordingly, the Court had subject matter jurisdiction to preside over defendant's case and impose a sentence pursuant to 18 U.S.C. § 3231.  Because Khondaker's argument with respect to subject matter jurisdiction lacks merit, counsel did not provide ineffective assistance by failing to raise the argument in this Court or on appeal.

2.     **Interstate Commerce Nexus**

Khondaker asserts that the government failed to produce documentary evidence of the place where the crimes occurred and prove that the crimes occurred within the Northern District of Oklahoma.  A conviction will not be overturned because of an insufficient interstate commerce nexus where the defendant explicitly stipulated to that nexus. See Tush, 287 F.3d at 1297.  Here,

Khondaker stipulated that the offenses alleged in the indictment occurred within the Northern District of Oklahoma.  At trial, the Court read the following stipulation into the record:

>THE COURT: * * *
>
>All right. Let me read to the jury certain stipulations that have been stipulated to and agreed to between the parties.  "Stipulation No. 1:  The offenses alleged by the government in the indictment occurred within the Northern District of Oklahoma."  It's signed by Ms. Reincke, by Mr. Gordon, and by Mr. Khondaker.  That will be accepted and filed of record . . . .

Because Khondaker stipulated that the alleged offenses occurred within the Northern District of Oklahoma, he cannot now argue that the government failed to prove by documentary evidence where the crimes occurred or the interstate commerce nexus.  Accordingly, Khondaker's argument with respect to the interstate commerce nexus lacks merit and counsel was not ineffective for failing to raise a meritless argument.

**3.     Speedy Trial Act violation**

Finally, Khondaker argues that counsel was ineffective for failing to raise a Speedy Trial Act violation.  Khondaker alleges that eleven months passed between his indictment and the date his case was terminated on August 16, 2006.  Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(c),

>[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Here, Khondaker was indicted on September 8, 2005, and arraigned on the indictment on September 12, 2005.  His trial began on November 21, 2005, which is within the time allowed by the Speedy Trial Act.  Accordingly, there was no Speedy Trial Act violation and Khondaker's counsel was not ineffective for failing to raise a speedy trial challenge.

In sum, Khondaker fails to demonstrate that his counsel provided ineffective assistance for failing to raise any of his arguments.  Because Khondaker did not raise these arguments on appeal, he is procedurally barred from having the Court consider them on their merits, except as they relate to ineffective assistance of counsel.  Therefore, Khondaker is not entitled to relief under § 2255.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 99) is **denied**.  A separate judgment is entered herewith.

**DATED** this 12th day of May, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT